IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIGUE N. BASS IV,

　　　　　Plaintiff,

　　vs.

DON KLEINE, Douglas County Attorney (Individual Capacity Only); and BRYAN D. WAUGH, Colonel, Superintendent, Nebraska State Patrol (Official Capacity- Injunctive Relief Only);

　　　　　Defendants.

**8:26CV307**

**MEMORANDUM AND ORDER**

　　　　Plaintiff Tigue N. Bass IV filed a Complaint on June 30, 2026. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will also address Plaintiff's emergency motion for ex parte temporary restraining order and preliminary injunction ("TRO motion"), Filing No. 3, that he filed along with his Complaint.

### I. SUMMARY OF COMPLAINT[1]

　　　　Plaintiff sues Douglas County Attorney Don Kleine ("Kleine") in his individual capacity and Nebraska State Patrol Superintendent Colonel Bryan D. Waugh ("Waugh") in his official capacity (collectively "Defendants") under 42 U.S.C. § 1983 for alleged constitutional violations and a violation of 42

---

[1] The Court has considered the supplemental notices of clarification filed by Plaintiff, Filing No. 8; Filing No. 9, and Plaintiff's TRO motion and attached exhibits, Filing No. 3, in reviewing the Complaint.

U.S.C. § 3604(a) of the Fair Housing Act. Plaintiff's claims relate to Douglas County District Court case number CR 21-3935, in which Plaintiff pleaded to, and was convicted of, first degree sexual assault and was sentenced to 4 to 7 years' imprisonment. Filing No. 1 at 1–2, 5; Filing No. 3 at 35–37. Plaintiff attached various documents from and related to CR21-3935 to his TRO motion and supplements, and the Court also takes judicial notice of the state court records in CR21-3935.[2]

As Plaintiff alleges, "[t]his action arises from a fatal, incurable jurisdictional defect at the foundation of CR 21-3935" because "[t]he entire state prosecution was built upon a physically defaced instrument—a Materially Altered, Unsworn Instrument in which the statutory title 'Judge' was deliberately crossed out in flagrant violation of Neb. Rev. Stat. §§ 29-404, 25-1241, and 25-1245." Filing No. 1 at 2. The defective instrument Plaintiff refers to is an "Affidavit of Complaining Witness" (the "Affidavit") attached to the criminal complaint filed in the Douglas County Court on October 18, 2021. Filing No. 3 at 27–29; see also attached Douglas County Court Transcript, Filing No. 10-1 at 2–6. The affidavit was completed and signed by an Omaha Police Officer and the following appears below the officer's signature:

SUBSCRIBED AND SWORN to before me this 18th day of October , 2021

*Rylee Spradle*

~~JUDGE~~ OF THE COUNTY COURT
OF DOUGLAS COUNTY, NEBRASKA

Filing No. 3 at 29.

---

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Tigue N. Bass IV*, Case No. CR 21-3935, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Relevant records are attached to this order.

Based on this alleged defect in the Affidavit, Plaintiff claims "the criminal proceeding was initiated without a valid sworn complaint[ and] the resulting conviction is a total nullity and all derivative liberty restrictions are legally invalid," Filing No. 1 at 5, including all restrictions flowing from Plaintiff's sex offender registration requirement imposed as a result of his conviction in CR 21-3935 and enforced by the Nebraska State Patrol, *see* Filing No. 3 at 36–44. As a result of Defendants' enforcement of the alleged "void registration mandate," Plaintiff was homeless due to the imposed residency restrictions and he suffered physical injury from exposure to sub-zero conditions due to his homelessness. Filing No. 1 at 5.

Plaintiff further alleges "an unlawful administrative decree" was entered on September 12, 2025, which barred his access to the state court and prevented him "from filing pro se motions to vacate the void record." Filing No. 1 at 5–6. Plaintiff attached a copy of the "decree" to his TRO motion as Exhibit H, which is a copy of the Douglas County District Court's September 12, 2025, order in CR 21-3935 denying Plaintiff's motion for postconviction relief and motion to vacate the judgment and sex offender registration requirement. Filing No. 3 at 54–59.

Plaintiff alleges five counts for relief based on the foregoing allegations:

- Count I – a Fourteenth Amendment due process claim against Kleine for his continued enforcement of the void registration mandate arising out of CR 21-3935 after receiving notice of the defective Affidavit;

- Count II – a First and Fourteenth Amendment claim against Kleine for denying Plaintiff's right of access to the courts based on the September 12, 2025, "administrative exclusion order," Filing No. 1 at 9;

3

- Count III – a Fourth Amendment unreasonable seizure claim against Kleine for extracting Plaintiff's DNA sample as part of the void criminal proceeding in CR 21-3935 and continuing to retain, store, and use Plaintiff's DNA sample, Filing No. 1 at 9–10; Filing No. 8 at 2;

- Count IV – a Fourteenth Amendment due process claim against Waugh for the ongoing unconstitutional enforcement of the void registration mandate flowing from CR 21-3935 and "failure to implement adequate safeguards against bad-faith alteration of compliance records," Filing No. 1 at 10;

- Count V – a violation of 42 U.S.C. § 3604(a) of the Fair Housing Act against Waugh based on the "Nebraska State Patrol's enforcement of residency restrictions derived from a void registration mandate," Filing No. 1 at 11.

As relief, Plaintiff seeks a declaratory judgment "declaring that the administrative enforcement of the registration mandate derived from CR 21-3935 violates the Fourth and Fourteenth Amendments"; prospective injunctive relief terminating Plaintiff's registration requirements, removing Plaintiff's information from the sex offender registration database, and setting aside the September 12, 2025, order barring Plaintiff's access to the courts; compensatory and punitive damages against Kleine; and referral of Kleine to the Nebraska Counsel for Discipline. Filing No. 1 at 13–14.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional and statutory claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

The overarching premise supporting all Plaintiff's claims for relief is the alleged invalid and void criminal complaint underlying his prosecution, conviction, and sentence in CR 21-3935. Upon careful review, however, this

premise finds no support either in law or fact, and the Court concludes Plaintiff's Complaint should be dismissed as frivolous.

Essentially, Plaintiff claims the state court lacked jurisdiction to convict and sentence him because the initial criminal complaint filed in the Douglas County Court was not properly signed under oath as required by Neb. Rev. Stat. § 29-404. *See* Filing No. 1 at 4. However, section 29-404 does not require a complaint to be filed upon oath as Plaintiff claims but rather only requires a complaint to be "in writing and signed by the prosecuting attorney or by any other complainant." Neb. Rev. Stat. § 29-404. The statute was amended in 2011 to remove the requirement that a complaint be "in writing and upon oath." L.B. 669 § 21, 102nd Leg., 1st Sess. (Neb. 2011).

Plaintiff's state court records show a criminal complaint was filed and signed by a deputy county attorney, and the Affidavit about which Plaintiff complains was included as an attachment in support of the complaint. Thus, even assuming the Affidavit contains a defective verification of the affiant's signature, the actual complaint filed by the prosecuting attorney satisfied the requirements of § 29-404.

Moreover, the jurisdiction of the state district court in CR 21-3935 was based upon the information filed in the district court on November 23, 2021, not the county court complaint. *See* attached CR 21-3935 Information dated Nov. 23, 2021, Filing No. 10-2. In *State v. Alford*, 884 N.W.2d 470 (2016), the Nebraska Court of Appeals noted the lack of "authority requiring the district court to review the sufficiency of the complaints filed in county court after the matter has been bound over and charged by information." *Id.* at 478–79. Rather,

> [a] defective verification is subject to a motion to quash or a plea in abatement. *State v. Gilman,* 181 Neb. 390, 148 N.W.2d 847 (1967). A defendant who pleads the general issue without raising

the question, however, waives the defect. *Id.* A plea of not guilty ordinarily waives all matters which might have been raised by a motion to quash or a plea in abatement. *State v. Moss,* 182 Neb. 502, 155 N.W.2d 435 (1968).

*Id.* at 479. Like Plaintiff, Alford attacked the validity of the complaints filed in county court. The court ultimately rejected Alford's argument, finding that the district court's jurisdiction was based upon the information and any defects appearing in the district court information were waived when Alford entered pleas of not guilty to the charges. *Id.*

Here, Plaintiff's state court records show he waived his preliminary hearing in the county court, the matter was bound over to the district court, and Plaintiff filed a written arraignment, in which he waived his right to physically appear for arraignment in the district court and entered a plea of not guilty. See attached Douglas County Court Transcript, Filing No. 10-1 at 16; CR21-3935 Waiver of Appearance/Plea of Not Guilty, Filing No. 10-3; and CR21-3935 Order dated Nov. 24, 2021, Filing No. 10-4. Thus, Plaintiff waived any defects in either the initial county court complaint or the district court information.[3] The Court, therefore, concludes Plaintiff's claims premised on the allegedly defective and void criminal complaint underlying the judgment in CR 21-3935 lack an arguable basis in either law or fact and are, therefore, frivolous. *See Jones v. Norris,* 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989))).

---

[3] For the sake of completeness, the Court notes the information, Filing No. 10-2, was filed in the district court and signed by the prosecuting attorney as required by Nebraska law. *See* Neb. Rev. Stat. § 29-1602 ("All informations shall be filed in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant. The prosecuting attorney shall subscribe his or her name thereto and endorse thereon the names of the witnesses known to him or her at the time of filing. . . ."); Neb. Rev. Stat. § 29-1603(1) ("All informations shall be in writing and signed by the county attorney, complainant, or some other person . . . .").

7

Similarly, Plaintiff's claim that Kleine has denied his right of access to the courts based on the September 12, 2025, order is clearly frivolous. First, the order at issue was entered by the Douglas County District Court, not Kleine. *See Kingsley v. Lawrence Cnty., Missouri,* 964 F.3d 690, 700 (8th Cir. 2020) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." (quoting *White v. Jackson,* 865 F.3d 1064, 1081 (8th Cir. 2017))). In any case, the September 12, 2025, order merely denied Plaintiff's motion for postconviction relief in CR 21-3935 as procedurally barred and denied his request for relief from the judgment and sex offender registration requirement because the court lacked the authority to remove the registration requirement mandated by Neb. Rev. Stat. § 29-4001 *et seq.* Filing No. 3 at 58–59. The order does not, as Plaintiff claims, physically or procedurally lock him out of the state courts. The fact that Plaintiff may be unable to successfully challenge his registration requirements in the future given the state court's September 12, 2025, ruling does not equate to a denial of Plaintiff's right of access to the courts.

## IV. CONCLUSION

The Court is required to dismiss a complaint that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth above, the Court finds Plaintiff's Complaint is frivolous and must be dismissed with prejudice. Consequently, the Court will deny Plaintiff's TRO motion as there is no likelihood of Plaintiff succeeding on the merits.

IT IS THEREFORE ORDERED that:

1.      This matter is dismissed with prejudice as frivolous.

2.      The Court will enter a separate judgment.

3.      Plaintiff's TRO motion, Filing No. 3, is denied.

Dated this 15th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

9